UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| William Vinci,<br><br>      Plaintiff,<br><br>v.<br><br>American Suzuki Motor Corp.,<br><br>      Defendant. | Case No.:   1:05-cv-212 |

**PROTECTIVE ORDER**

     Plaintiff, William Vinci, and Defendant, American Suzuki Motor Corp. ("ASMC"), hereby request that the Court enter this Agreed Protective Order to govern the production of materials containing confidential information and/or trade secrets. For good cause shown, the Court grants the parties' request and enters the following Protective Order:

    1.    **Designation Of Confidential Information Or Materials**.

        A.    In order to avoid invasions of individual privacy and to protect proprietary information, confidential business and financial information and trade secrets, any documents produced in discovery in this action and any deposition testimony or portions thereof may be designated as "Confidential" (hereafter "Confidential Material") by counsel for either party (the "Designating Person").

        B.    The Designating Person must believe in good faith that the Confidential Material contains personal or confidential material which is unavailable to the public and not readily available from other sources and is treated by the Designating Person as confidential and not disclosed to others, the disclosures of which could result in detriment to the Designating Person if the information was disclosed.

        C.    If a party believes the Designating Person has improperly designated "Confidential Material," it may file a motion with the Court to remove such designation. Before filing such a motion, the party shall attempt to resolve the dispute regarding the designation with the Designating Person.

2. **Designating Documents Confidential.**

A. Designation of documents as Confidential Material shall be made by placing the word "CONFIDENTIAL" on the document.

B. Permitting inspection of a document before it is marked "CONFIDENTIAL" does not waive the right to designate the document as "Confidential." Any party may designate as "Confidential" a document previously provided in discovery.

C. When a party wishes to designate as "Confidential" a document produced by another party, such designation shall be made by notifying the other party in writing within thirty (30) days from the date that the Designating Person receives the document that has been produced.

3. **Designating Deposition Testimony "Confidential."**

A. Deposition transcripts or portions thereof may be designated as "Confidential" by verbally advising the court reporter on the record or by notifying the court reporter and parties in writing within five (5) business days following the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential" by the reporter or the confidential portion of a transcript shall be conspicuously marked.

B. By designating testimony as "Confidential" at a deposition, a party may exclude from the deposition all persons other than those to whom the "Confidential Material" may be disclosed under paragraph 5 of this Protective Order.

C. Deposition and transcripts or portions thereof of said depositions, that have been conducted prior to the entering of this Protective Order may be designated as "Confidential," within 30 days of the entry of this Protective Order, in writing to the other party. Such designation shall have the same force and effect as if made under paragraph 3 of this Protective Order. Until the expiration of the 30-day period of this paragraph 3C, the entire deposition will be treated as subject to protection as Confidential under this Order.

4. **Use Beyond This Litigation**. Confidential Material shall not be used or disclosed for any purpose other than the litigation of this action including Alternative Dispute Resolution if appropriate and if the Mediator signs the form attached hereto as Exhibit A. In the event plaintiff or plaintiff's counsel (Wiggin & Nourie or successor counsel in the above captioned case) wants to use the

Confidential Material for related litigation solely between the same parties (the "Related Litigation"), they shall first notify counsel for ASMC in writing at least thirty (30) days prior to such proposed use and seek consent. In providing such notice, they shall inform ASMC's counsel of the claims in the Related Litigation, the purposes for which they need to use the Confidential Materials in connection with the Related Litigation and shall explain why the Confidential Materials are relevant to the Related Litigation. If ASMC's counsel does not consent to that use, ASMC's counsel may then apply to the federal court in the above captioned case for a determination of whether the plaintiff or his counsel in the above captioned case may use the Confidential Materials for the Related Litigation and if so, on what terms. If ASMC's counsel does not file a motion with the Court for such determination within the thirty-day period, then ASMC shall be deemed to have consented to use by plaintiff and his counsel (in the above captioned case) in the Related Litigation. While any such timely filed motion by ASMC's counsel is pending with the Court for a determination, plaintiff and his counsel may not make any use of the Confidential Materials in the Related Litigation. In the event that the Court authorizes such use (or counsel for ASCM consents or is deemed to have consented to such use), the Confidential Materials and any use of them shall remain subject to this Confidentiality Agreement /Order unless and until it is replaced by a Confidentiality Agreement/Order in such Related Litigation as the parties and the Court may agree. As an alternative procedure to seek authorization to use the Confidential Materials in the Related Litigation, plaintiff or his counsel in the above captioned litigation may ask the tribunal in the Related Litigation for permission to use the Confidential Material in that Related Litigation provided, however, that plaintiff or his counsel in the above captioned litigation shall first give the written notice to ASMC's counsel as specified above and advise of the intent to seek approval in the Related Litigation so that ASMC's counsel is freed of the obligation to seek a determination from the Federal District Court in the above captioned litigation.

   5.   **Disclosure Prohibited Other Than That Specifically Provided Herein.**  Confidential Material may be disclosed only to the following persons in the following manner:

   A. **The Court**. Confidential Material may be disclosed to the Court <u>in camera</u> or filed with the Clerk of Court, an agreed upon mediator or other tribunal, under seal as set forth in paragraph 6 below.

   B. **Counsel**. Confidential Material maybe disclosed to the following counsel: attorneys practicing with the firms of Wiggin & Nourie and Ransmeier & Spellman.  Those attorneys may also disclose the information to their paralegals and secretaries and shall, prior to disclosing the information, make those individuals familiar with the provisions of this Protective Order.  This agreement/confidentiality order shall apply to any successor counsel in the above captioned case for either party; however, any successor counsel shall first be

required to sign this agreement before that successor counsel may have access to any Confidential Materials. Any references in this agreement/order to Wiggin & Nourie or Ransmeier & Spellman shall be deemed to apply equally to any successor counsel in place of either firm.

C. **Plaintiff and Employees/Agents of Defendant**. They shall execute an Agreement and Acknowledgment in the form attached hereto as Exhibit A prior to disclosure.

D. **Court Reporters/Copy Services**. Confidential Material may be disclosed to court reporters engaged for depositions provided that any such court reporter shall be informed of the terms of this Protective Order prior to disclosure and executes an Agreement and Acknowledgment in the form attached hereto as Exhibit A prior to disclosure.

E. **Consultants or Experts**. Confidential Material may be disclosed to consultants or experts (hereinafter referred to collectively as "Experts") who have certified in writing by signing a copy of the Agreement and Acknowledgment attached as Exhibit A.

F. **Disclosure by the Designating Party**. A Designating Party may disclose its own Confidential Material to any person without requiring the person to sign an Agreement and Acknowledgment.

G. **Other Persons Authorized By The Court**. After notice to all parties and a hearing, Confidential Material may be disclosed upon a showing of good cause to other persons authorized by the Court. Persons authorized by the Court to receive Confidential Material shall be informed of the terms of this Protective Order and shall be required to sign a copy of the Agreement and Acknowledgment attached hereto as Exhibit A.

H. **Copies**. Copies and extracts of Confidential Material may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked "Confidential." All copies and extracts are subject to all Paragraphs of this Order.

I. **Custody of Confidential Materials and Executed Agreements and Acknowledgments.**

(a) All Confidential Material and copies or extracts thereof shall be maintained in the custody of counsel of record, or other persons permitted under this order to review Confidential Material, in a manner that limits access to qualified persons.

    (b)    Complete sets of executed Agreements and Acknowledgments shall be kept by counsel and shall be produced to counsel for the opposing party promptly upon request to the extent that counsel for the opposing party has a good faith belief that a person may have disclosed confidential information and not for the purpose of this litigation.

    (c)    Counsel for all parties shall maintain the originals of all Agreements and Acknowledgments executed by any persons pursuant to this Protective Order for a period of five (5) years following the conclusion of this litigation by entry of judgment or otherwise or may, in discharge of this obligation, provide the opposing party with all of the original Agreements and Acknowledgments in his possession at the conclusion of the litigation.

6.    **Filing Confidential Material**. If any portion of a submission to the Court contains Confidential Material, the portion containing the Confidential Material shall be filed under seal in accordance with AP 3.3(b) and Local Rule 83.11. Unless otherwise ordered by the Court, appropriate steps shall be taken to preserve the confidentiality of Confidential Material during the trial of this action and at any hearing or other proceedings at which Confidential Material may be referred to or disclosed.

7.    **Subpoenas.** Any person in possession of Confidential Material who receives a request or a subpoena or other process for Confidential Material from any non party to this action shall promptly give notice by telephone and written notice by overnight delivery and/or tele-copier to counsel for the Designating Person, enclosing a copy of the request, subpoena or other process. Counsel for the Designating Person shall either consent to the production pursuant to the subpoena or other process or take action to seek a protective order, to quash the subpoena (or other process) or seek other protective relief. While such motion to quash or for protective order or for other relief is pending, the person to whom the subpoena (or other process) is directed shall not produce the documents in response to the subpoena or other process. In the event that there is no subpoena or other mandatory process but only a "request," then the person to whom the request is made shall not produce the Confidential Materials and, instead, shall refer the person making the request to the counsel for the Designating Person.

8.  **No Prejudice**.

A.  Nothing in this order shall preclude any party from seeking and obtaining additional or different protection with respect to material that it believes is confidential.

B.  Nothing herein shall diminish or waive the attorney client privilege, the attorney work product privilege or other applicable protection under law from discovery, or objection to admissibility at a trial or other proceeding in the above-encaptioned litigation.

C.  The inadvertent or accidental disclosure of Confidential Material shall not be deemed a waiver in whole or in part of a claim of confidentiality or a claim of privilege or other applicable protection from discovery, either as to the specific document(s) or information inadvertently disclosed or as to other documents or information relating thereto or of the same or related subject matter. Any inadvertently or accidentally disclosed document or information that is subject to a prior or subsequent claim of confidentiality, privilege, work product, or other protection, shall be returned immediately to the appropriate party.

9.  **Filing of Confidential Material at Trial**. Subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure and such additional protections as the Court may by order impose, protected documents and other protected material may be offered in evidence at trial or other proceeding in the above captioned litigation. Any party or person may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

10. **Other Provisions**.

A.  The restrictions imposed by this Protective Order may be modified or terminated only by written stipulation of the parties or by order of the Court. This Protective Order shall survive termination of this action.

B.  Within ninety (90) days of final conclusion of this action, whether by settlement or at the end of trial and/or any appeals, counsel shall either collect and return the Confidential Materials to counsel for the other, or have the persons in possession of the Confidential Materials certify under oath the destruction of, all Confidential Materials and copies or abstracts thereof produced by or designated as Confidential Material by any party.

Respectfully submitted,

American Suzuki Motor Corp.

By Its Attorneys,
RANSMEIER & SPELLMAN

Dated: 11-10- 2005   By:   /s/ Garry R. Lane
R. MATTHEW CAIRNS (#411)
GARRY R. LANE (2855)
One Capitol Street,
P.O. Box 600
Concord, NH  03302-0600
Tel. (603) 228-0477
matt@ranspell.com
garry@ranspell.com

Respectfully submitted,

William Vinci

By His Attorneys,
WIGGIN & NOURIE

Dated: 11-10-2005   By:   /s/ Thomas Pappas
Thomas Pappas (#4111)
P.O. Box 808
Manchester, NH 03105-0808
Tel. (603) 669-2211
tpappas@wiggin-nourie.com

SO ORDERED:__/s/ James R. Muirhead, Magistrate Judge__
             Judge:

Dated:__November 14, 2005_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

William Vinci,

    Plaintiff,

v.

American Suzuki Motor Corp.,

    Defendant.

Case No.:   1:05-cv-212

### AGREEMENT AND ACKNOWLEDGMENT

I, _____, acknowledge that I have received a copy of the Protective Order in this action and have read its provisions carefully. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for purposes of this action, any information designated "CONFIDENTIAL" which I receive in this action. I agree to return or destroy all such information in accordance with paragraphs 10(B) of the Protective Order after the conclusion of this action.

Executed this _____ day of _____ 200___.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

Print:

Name: _____

Address: _____

_____

Phone: _____